UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WINSTON THOMAS,

                         Petitioner,

                                                    02-CR-6017T

                 v.                          **DECISION**
                                             **and ORDER**

UNITED STATES OF AMERICA,

                         Respondent.

_____

INTRODUCTION

        Winston Thomas ("Thomas") petitions this Court for a writ of
habeas corpus pursuant to 28 U.S.C. § 2255 requesting that his
sentence, imposed by this Court on May 9, 2003, be vacated, set
aside, or corrected on grounds that his conviction was
unconstitutionally or unlawfully obtained.

        The government opposes Thomas' petition and requests that the
petition be denied on grounds that Thomas was not denied any
federal or Constitutional right.  For the reasons set forth below,
I deny Thomas' petition.

BACKGROUND

        On February 14, 2002, a federal grand jury returned a two count
Indictment against the petitioner, Winston Thomas. Count One charged
Thomas with a violation of 18 U.S.C. § 924(c)(1), possession of a
firearm in the furtherance of a drug trafficking crime, and Count
Two charged him with a violation of 21 U.S.C. §§ 841(a)(1), 841

(b)(1)(D), possession with intent to distribute a mixture and detectable amount of marijuana.

The petitioner plead not guilty to the charges and waived his right to a jury trial. The government consented to the case being tried before this Court. The trial took place on January 14 through January 16, 2003. On January 23, 2003, the Court issued a Verdict and Order finding the defendant guilty of Count 2, possession with the intent to distribute marijuana, but not guilty of Count 1, possession of a firearm in furtherance of a drug trafficking crime.

On May 9, 2003, Thomas appeared before the Court and was sentenced to a term of eight months incarceration to be followed by two years of Supervised Release, a fine of $2,000, and a mandatory special assessment of $100. The eight-month term of incarceration represented the low end of the applicable guideline range of eight to fourteen months.

On May 16, 2003, the defendant filed a notice of appeal. In his appeal, Thomas raised issues of whether there was sufficient evidence to convict him of the offense of possession with the intent to distribute a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). On May 3, 2004, the United States Court of Appeals for the Second Circuit issued a mandate affirming the defendant's conviction. The defendant was represented by Adrian Burke, Esq. at both the trial and appellate stages.

Thomas is a Jamaican National who has legal resident status in the United States. He is currently being held at the Federal Detention Facility in Batavia, New York subject to a Final Order of Removal issued by the Immigration and Naturalization Service which he is challenging in two petitions to the Second Circuit Court of Appeals.

On March 30, 2005, Thomas filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is now represented by Jon Getz, Esq.

<u>DISCUSSION</u>

Petitioner alleges the following grounds for relief: (1) ineffective assistance of counsel; (2) violations of the Fifth and Sixth Amendment; and (3) violations of <u>United States v. Booker</u>.


I. <u>Ineffective Assistance of Counsel Claim</u>

For a petitioner to succeed on a claim of ineffective assistance of counsel, he must demonstrate that his counsel's performance was deficient and that the deficiency was prejudicial to his case. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To establish the first prong of the <u>Strickland</u> test, (that counsel was deficient) a petitioner bears the heavy burden of establishing that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed ..by the Sixth Amendment," <u>Strickland</u>, 466 U.S. at 687. A petitioner cannot meet this burden by merely showing that his counsel employed poor strategy or made a wrong

decision.   To establish the second prong of the <u>Strickland</u> test (that the petitioner was prejudiced by his counsel's conduct), the petitioner must establish "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. To succeed on an ineffective assistance of counsel claim, both prongs of the <u>Strickland</u> test must be satisfied, and the court need not proceed in its analysis of such a claim when it has determined that one prong of the test cannot be satisfied. <u>Strouse v. Leonardo</u>, 928 F.2d 548, 556 (2d Cir. 1991).

Finally, there is a "strong presumption" that a defense counsel's conduct at trial fell within the broad spectrum of "reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. This presumption is essential because "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence.." <u>Id.</u> "It is therefore only the rare claim of ineffective assistance of counsel that should succeed under a properly deferential standard to be applied in scrutinizing counsel's performance." <u>United States v. Gray</u>, 878 F.2d 702, 711 (3d Cir. 1989).

A. <u>Attorney's Trial Strategy and Tactics</u>

Petitioner claims that his counsel was ineffective based on his deficiencies in his overall trial strategy and decision making ability. Specifically, petitioner claims his counsel failed to: (1) properly and adequately prepare for trial; (2) properly prepare

the petitioner for direct and cross examination; (3) adequately cross examine the arresting officers; (4) call his father and fiancee as witnesses; (5)conduct appropriate investigations for trial purposes; (6)object to any findings in the PSR or file any memorandum with respect to the sentencing factors or request a hearing; and (7) failed to discuss or adhere to petitioner's wishes relating to fundamental issues.

Essentially, petitioner cites many instances of trial strategy and tactical decisions which in retrospect he disagrees with and now argues that those decisions and strategy constitute ineffective assistance of counsel. However, it is well settled that it is within a lawyer's discretion to employ trial tactics and strategies that he believes are most appropriate at the time. "As a rule, counsel's decision to stipulate to certain evidence, like his decisions to offer or object to evidence, involves a strategic choice, which is 'virtually unchallengeable' if made after thorough investigation" United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004). In addition, "the conduct of examination and cross-examination is entrusted to the judgment of the lawyer" and therefore the court "should not second-guess such decisions unless there is no strategic or tactical justification for the course taken" United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998).

Here, the defense counsel was prepared for trial. He effectively cross examined witnesses, advocated zealously on behalf of his client, and filed objections relative to sentencing matters.

While defense counsel may have made tactical decisions with which the petitioner now disagrees, counsel's defense of Thomas in no way rises to the level of ineffective representation. Furthermore, with respect to sentencing, Thomas failed to raise any questions or objections to the court during his sentencing when asked on several occasions whether or not he had any questions or concerns prior to the imposition of his sentence.

B. <u>Failure to Use Specific Cases</u>

Petitioner maintains that his counsel was ineffective because he failed to bring forth specific cases at trial that would have assisted in his defense. However, no cases that petitioner cites would have influenced the court to have changed the ultimate decision of defendant's guilt on Count Two of the Indictment-the drug count. In coming to its determination, this court relied heavily on defendant's testimony, and found his testimony to be incredible. It was defendant's testimony, along with all of the other relevant evidence introduced at trial, which resulted in his conviction-not the questions asked by his counsel. Questions asked by counsel during a trial are not evidence.  Rather, the answers to an attorney's questions are evidence.  This evidence, along with documentary evidence introduced at trial, forms the basis on which the trier of fact (in this case the Court) determines whether or not a defendant is guilty of the charges brought against him. Accordingly, counsel's failure to bring forth cases cited by the

petitioner was not deficient practice and does not amount to ineffective assistance of counsel.

C. Money and Asset Evidence

Petitioner argues that his counsel was ineffective because (1) he failed to offer any explanations for rent receipts that were introduced into evidence; and 2) he failed to provide any defense relating to the accuracy of the cash found in his apartment. However, in the trial record the petitioner testified that the money found in his apartment was rent collected from his apartments, and not the result of dealing marijuana. Also, in its decision, the Court makes it abundantly clear that it understood petitioner's explanation as to where the money came from, but found that testimony to be not credible. Additionally, petitioner claims that his counsel on appeal failed to raise the issue concerning the weight of the marijuana or the conversion of the money found to the weight of the drugs. However, the Second Circuit rejected this argument in its summary order affirming petitioner's conviction of the drug count. Thus, this alleged deficiency does not state a claim for ineffective assistance of counsel.

D. Failure to Use Available Evidence

Petitioner argues that his counsel was ineffective for failing to provide an accounting of the cash in his possession during the course of the trial to substantiate his claim that it was the proceeds of rental income rather than from the sale of drugs. However, the introduction of a receipt book kept solely by the defendant would not have had any impact on the Court's decision

because the Court relied primarily on the defendant's own testimony which it found to be incredible. Thus, this claim has no merit.

E. The Applicability of 21 U.S.C. § 841 (b)(4)

Petitioner argues that his counsel was ineffective when he failed to argue that defendant should have been convicted pursuant to 21 U.S.C. § 841 (b)(4) or 21 U.S.C. § 844. Petitioner maintains that he admitted to possession of eight small bags of marijuana for personal use and that his conviction properly falls under the exception clause of 21 U.S.C. 841 (b)(1)(4). The exception clause provides that a person who violates 841(a) "by distributing a small amount of marijuana for no remuneration" shall be punished under the misdemeanor provision of 21 U.S.C. § 844. Therefore, petitioner maintains that his counsel was ineffective because he now is removable from the United States pursuant to 8 U.S.C. § 237(a)(2)(B)(I) and 2(A)(II)(iii) of the Immigration and Nationality Act as a result of his conviction of the controlled substance violation, which is considered an "aggravated felony" for immigration deportation purposes and not a misdemeanor.

Here, petitioner was charged with violation of 21 U.S.C. § 841 (a)(1) with the quantity/penalty provision of 841(b)(1)(D), not (b)(4). Furthermore, the Court knew of Thomas' explanation that the marijuana found was for personal use, however, it failed to accept it. Regardless of what his counsel argued, based on his own testimony, the Court found him guilty of more than just "simple possession," but instead found him guilty of the offense of possession with intent to distribute a mixture of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(D). The Court within

its right then sentenced the petitioner accordingly by considering the amount of marijuana found in his apartment and also by converting the amount of cash found into a drug equivalent. Petitioner was indicted and found guilty of a drug trafficking crime, his possible deportation is a consequence of that crime. Thus, counsel's conduct was not ineffective.

F. <u>Sentencing</u>

Petitioner maintains that at sentencing, counsel: (1) failed to argue against the conversion of the cash to an equivalent weight of the drugs, and (2) failed to argue to the court that the level of his conviction should be no more than a misdemeanor pursuant to 21 U.S.C. § 841 (b)(1). However, the Court clearly explained in the sentencing transcript that "my Decision and Order was fairly detailed and I explained the concern I had about his [the defendant's] credibility and what I accepted and what I didn't accept."

Therefore, petitioner fails to meet his burden of substantiating his claim of ineffective assistance of counsel. The record clearly reveals that counsel's performance was *not deficient,* but instead was appropriate and beneficial to the petitioner since Thomas was sentenced to the low end of the guideline range, and was acquitted of one of the two charges. Before testifying, petitioner was informed by the Court of his Fifth Amendment right to remain silent and of the risks of taking the stand in his defense. The Court was assured that Thomas had discussed these issues with his counsel and that waiver of these constitutional rights were knowing and voluntary. The Court found the petitioner's testimony to be incredible, and that finding formed the basis of petitioner's conviction which was affirmed by the

Second Circuit Court of Appeals. Petitioner cannot now shift the blame to his counsel for his conviction-a conviction which was largely the result of his incredible testimony. Thus, petitioner's ineffective assistance of counsel claim lacks merit.

II.   <u>Fifth/Sixth Amendment Violation Claim</u>

Petitioner claims Fifth and Sixth Amendment violations based upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and the Second Circuit case <u>United States v. Outen</u>, 286 F.3d 622 (2d Cir. 2002). In particular the petitioner relies on the following language in <u>Apprendi</u> "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490. However, this authority does not apply unless the penalty imposed upon the defendant *exceeds* the prescribed statutory maximum.

Here, petitioner's eight-month sentence did not exceed the statutory maximum of five years. <u>See</u> <u>also</u> <u>United States v. Hernandez-Guardado</u>, 228 F.3d 1017, 1027 (9th Cir. 2000) (Unless a defendant's sentence is increased beyond the statutory maximum penalty, <u>Apprendi</u> does not apply). Thus, petitioner's reliance on <u>Apprendi</u>, <u>supra</u>, is misplaced.

Additionally, petitioner claims that the government's failure to specify the drug quantity in the indictment and its failure to prove the drug quantity beyond a reasonable doubt created "constitutional error." Throughout, petitioner was aware that the quantity of drugs involved was less than fifty kilograms and that the penalty provision for a violation of 21 U.S.C. § 841 (a)(1) provides

for a term of imprisonment of not more than five years. See 21 U.S.C. § 841(b)(1)(D).

Furthermore, petitioner argues that the government failed to prove remuneration, thus the proper provision under the law should have been 21 U.S.C. § 841 (B)(4) and not 21 U.S.C. § 841 (B)(1)(d). Therefore, the "baseline" for sentencing should not be the statutory five year maximum but rather the twelve-month misdemeanor level. However, the Court was convinced that the government *did prove* remuneration based on the individual packaging of the drugs, the large amount of cash found in small denominations, and the petitioner's incredible testimony concerning where he purchased his drugs. Thus, petitioner's claims of Fifth and Sixth Amendment violations are unfounded.

III. Booker Claim

Petitioner claims that his Sixth Amendment rights were violated because his sentence was greater than the maximum sentence pursuant to Booker v. United States, 125 S.Ct. 738 (2005). However, Booker is not retroactive and does not apply to cases on collateral review where the defendant's conviction date was final as of January 12, 2005, the date Booker was issued. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005). Thus, because petitioner was sentenced on May 9, 2003 well before the Booker decision, Booker is inapplicable.

Additionally, petitioner claims that this motion is not successive or collateral in nature because the claims set forth were not previously addressed by this court. However, this assessment is not correct as this motion is clearly collateral in nature. Thus, petitioner's Sixth Amendment rights were not violated.

<u>CONCLUSION</u>

For the reasons set forth above, Winston Thomas' petition is denied with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


                              S/Michael A. Telesca
                              MICHAEL A. TELESCA
                           United States District Judge

Dated:     Rochester, New York
           February 8, 2006